## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | **MAG. NO. 19-182 (RMM)** |
| | : | |
| RIVES MILLER GROGAN, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to the defendant's Motion to Dismiss. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities that may be cited at a hearing regarding this motion.

### I.   FACTUAL BACKGROUND

On March 1, 2019, the defendant was charged with one count of Speeches and Objectionable Language in the Supreme Court Building, in violation of Title 40, United States Code, Section 6134. On the same date, U.S. Magistrate Judge Robinson entered an order setting the defendant's conditions of release, which included a stay away from the area bounded by and including Second Street, N.E.; East Capitol Street, N.E.; First Street, N.E.; Constitution Avenue, N.E.; and the Supreme Court Building. The order included a detailed map of the stay away area.

On March 28, 2019, the matter came before this Court for a status hearing and the defendant, through counsel, requested a modification of the stay order. The government did not object to the modification and the Court granted the defendant's request. Specifically, the Court edited the previous stay away order to allow the defendant to traverse the prohibited streets –

1

that is Second Street, N.E.; East Capitol Street, N.E.; First Street, N.E.; Constitution Avenue, N.E. – by vehicle. The order was signed by the Court on April 3, 2019 and entered on the docket on April 26, 2019.

Thereafter, at approximately 12:50 p.m., on July 9, 2019, Officer Bryant Williams of the United States Capitol Police, was in front of the U.S. Capitol Building monitoring a press conference that was being conducted by multiple members of the U.S. Congress. At this time, the defendant, who was later identified through his Texas driver's license, was observed in the Senate grassy area yelling and demonstrating in an attempt to disturb the ongoing press conference.

The defendant was asked to leave the area by Inspector Thomas Lloyd and Sgt. Bradley Kennerly. The defendant did not initially comply. When Inspector Lloyd prepared to place the defendant under arrest, the defendant then started to leave the area. Specifically, the defendant began to walk towards the U.S. Supreme Court, walking north into the Unit block of First Street, N.E., in front of the U.S. Supreme Court. The defendant then turned and walked west on Constitution Avenue, N.E., after which he crossed Constitution Avenue, N.E., towards the Robert A. Taft Memorial. Members of the U.S. Capitol Police followed the defendant and confirmed that the he had an active stay away from the area. The defendant was placed under arrest for Contempt of Court. On July 10, 2019, the defendant was charged by information with one count of Disobedience or Resistance to a Court's Lawful Writ, Process, Order, Rule, Decree, or Command, in violation of Title 18, United States Code, Section 401(3).

The defendant has filed a Motion to Dismiss in this case, alleging that he did not violate the stay away order issued by this Court, because he did not enter the area prohibited by the order and because his actions were not willful. The defendant's claims are false, without merit and

2

should be summarily denied.

## II. ARGUMENT

The government submits that this Court should consider the factors set forth in United States v. Young, 107 F.3d 903, 907 (D.C. Cir. 1997), in analyzing the defendant's Motion to Dismiss. Specifically, the Court should determine whether (1) the court order at issue was clear and reasonably specific; (2) the defendant violated the order; and (3) the defendant's violation of the order was willful. The government submits that an analysis of these factors will show that the defendant in fact violated the court's order and that such violation was willful.

### A. The Court's Order Was Entered at the Specific Request of the Defendant and the Order Was Clear, Specific and Unambiguous.

On March 28, 2019, at a status hearing scheduled in Case No. 19 MJ 45 (RMM), the defendant, through counsel Assistant Federal Public Defender Dani Jahn, requested a modification of the stay order that had been previously issued in that case. The stay away prohibited the defendant from entering the area bounded by and including Second Street, N.E.; East Capitol Street, N.E.; First Street, N.E.; Constitution Avenue, N.E.; and the Supreme Court Building. In making the request for modification, defense counsel specifically advised that the defendant "is requesting that he be able to traverse on the roadways along that delineated area; so Constitution at the top; Second Street on the right, East Capitol Street on the bottom and then First Street on the left". Status Hearing Transcript, Page 6, lines 3-6 (attached hereto as Government's Exhibit 1). The government did not object to the modification. Id. at lines 19-20. Accordingly, the Court granted the defendant's request and modified that existing order to allow the defendant to traverse the streets at issue *by vehicle*.

Importantly, the Court's modified order specifically states that the original stay away

3

order was "modified to permit the defendant to travel by vehicle on the following roads: Constitution Avenue, N.E.; Second Street, N.E.; East Capitol Street, N.E.; and First Street, N.E." Court's Order, April 26, 2019, pages 1-2, (attached hereto as Government's Exhibit 2). The order further states "[t]he Court makes clear, however, that this modification does not constitute authorization for congregating, protesting, or demonstrating on those thoroughfares". Id. As such, the Court's order was clear, specific and unambiguous as to what the defendant was allowed to do. There is absolutely no question that the Court limited the defendant's presence on Constitution Avenue, N.E.; Second Street, N.E.; East Capitol Street, N.E.; and First Street, N.E. to those instances in which the defendant would be traveling by vehicle. Equally clear, was the Court's concern about the defendant's access, specifically by foot or other means outside of a vehicle, to those areas for the purpose of a protesting and demonstrating, given the charges that were then pending in the case.

### B.    The Defendant Violated the Stay Away Order Issued in Case No. 19 MJ 45 (RMM) and filed on April 26, 2019.

The defendant argues that this matter should be dismissed because he did not enter the prohibited area as set forth in this Court's Order issued in Case No. 19 MJ 45 (RMM) and filed on April 26, 2019. The defendant claims that "the sidewalks on the outside of the listed streets are not within the prohibited area." Def. Motion at 1. The defendant's arguments are not supported by the record and as such are meritless.

The undisputed facts are that on July 9, 2019, the defendant was protesting and demonstrating outside of the United States Capitol during a press conference held by members of the United States Congress. The parties also agree that when asked to cease and leave by

4

members of the United States Capitol Police, the defendant walked north into the Unit block of First Street, N.E., in front of the U.S. Supreme Court, then turned and walked west on Constitution Avenue, N.E., after which he crossed Constitution Avenue, N.E., and walked towards the Robert A. Taft Memorial.    Accordingly, the defendant violated this Court's order by walking onto not only First Street, N.E. in front of the Supreme Court, but also Constitution Avenue, N.E.  To be clear, the Court's Order specifically proscribed the defendant's travel by foot or any other means, other than by vehicle on those streets.    Court's Order, April 26, 2019, pages 1-2, (attached hereto as Government's Exhibit 2).

### C.    The Defendant's Violation of the Order Was Willful, Deliberate And/Or Constituted Reckless Disregard for the Court's Order.

The defendant's claim that he did not possess the requisite intent needed for this Court to find that he willfully violated the stay away order at issue is also without merit.    The appropriate inquiry in this regard is whether the defendant acted with deliberate or reckless disregard of his obligation under this Court's April 26, 2019, order.  United States v. Young, 107 F.3d 903, 909 (D.C. Cir. 1997).  See also Yohannes v. Republic Gardens, 271 F. Supp. 2d 91, 94, (D.C. Cir. 2002)(holding that a federal court has the power to punish by criminal contempt any disobedience or resistance to its lawful writ, process, order, rule, decree or command when evidence shows an intentional violation of the court's rules or orders, or conduct which constitutes reckless disregard for the court's rules or orders) and In Re Levine, 27 F.3d 594, (D.C. Cir. 1994)(citing United States v. Greyhound Corp., 508 F.2d 529, 531-32 (7th Cir. 1974) which states that willful intent is a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful.)

In making such a determination, the Court should consider the genesis of the order at

5

issue, including the conduct to which the order was directed, the interests that the Court was trying to protect, the manner in which the Court was trying to protect those interests and any past violations and warnings.    United States v. Greyhound Corp., 508 F.2d 529, 532 (7th Cir. 1974). Additionally, a defendant "may not avoid criminal contempt by 'twisted interpretations' or 'tortured constructions' of the provisions of the order." Id. Indeed, other courts have determined that twisted interpretations of a court's order and a defendant's failure to seek clarification of the order is significant evidence that a defendant knew or should have known that his conduct was wrongful.    Id. at 534.

As detailed above, the order at issue in this case was entered at the request of the defendant.    The purpose of the order was to prohibit the defendant from being anywhere near the area of his prior protests and demonstrations – the United States Supreme Court. The modified order was issued in recognition of the defendant's potential need to travel through the prohibited areas and was therefore expanded to allow him to travel in those areas by vehicle and no other means.    The Court believed that with the modification, it could reasonably prevent the defendant from protesting or demonstrating again in the prohibited area but not be overly burdensome on his travel needs.

With full knowledge of this background, on July 9, 2019, the defendant decided to go the United States Capitol, which shares common thoroughfares with the United States Supreme Court, for the express purpose of protesting and demonstrating at an ongoing press conference. The defendant was keenly aware of the situational issues that this would present *vis-à-vis* this Court's order, but disregarded them.    Indeed, this is a pattern of behavior with the defendant, which suggests that he enjoys pushing the boundaries of the law, orders issued by law enforcement

6

and courts.  The defendant's criminal history is replete with convictions for Disorderly Conduct, Failure to Obey law enforcement and also includes prior convictions for Attempted Contempt – Condition of Release Violation and Criminal Trespass.  This record indicates that the defendant has had ample experience with stay away orders, but also indicates that in a number of instances he has violated those orders.  Further, the defendant's assertions that the Court's April 26, 2019, order did not apply to the sidewalks is indeed twisted and tortured.  Greyhound Corp., 508 F.2d at 532.  The Court's Order explicitly prohibits the defendant's presence in the noted areas, except when traveling by vehicle and further specifies that the defendant shall not congregate, protest, or demonstrate on those thoroughfares.  Thus, the evidence in this case shows that the defendant's actions were intentional, deliberate and that he knew or should have known that his conduct violated the Court's April 26, 2019, order.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons the defendant's Motion to Dismiss should be denied as without merit.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:          /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon counsel of record for the defendant, via the Electronic Case Filing (ECF) system, this 25th day of November, 2019.

/s/
LISA NICOLE WALTERS
Assistant United States Attorney